SULLIVAN, DREW & CO. v. E. H. C. FIELD, Administrator of J. B. FIELD, et al.

*Parties — Misjoinder — Decedent's Estate — Sale for Assets—Guarantor, Liability of—Notice of Debtor's Default.*

1. A misjoinder of unnecessary parties is surplusage and is not a ground for demurrer.

2. An allegation in a complaint against an administrator that the personal and other assets of decedent's estate are insufficient to pay costs of administration and the debts of decedent, and that a sale of property fraudulently conveyed to another defendant is necessary, are sufficient allegations to charge the property so conveyed with the payment of the plaintiff's debt.

3. A guarantor is not entitled to notice of the principal debtor's default from the holder of the guaranty when the principal debtor is insolvent.

CIVIL ACTION, in the nature of a creditor's bill, heard before *Starbuck, J.,* on complaint and demurrer, at February Term, 1895, of GUILFORD Superior Court. The action was brought against the administrator of J. B. Field, who had made the guaranty referred to in the complaint (and which is set out in the opinion of Chief Justice FAIRCLOTH) and also against the defendant, Laura Field, the widow of the intestate, to whom, the complaint alleged, the intestate had conveyed property before his death, without consideration and without reserving sufficient property to pay his debts. The complaint alleged also that the assets of the estate of J. B. Field were insufficient to pay the debts of the estate, &c., and that a sale of the property, so conveyed to the defendant Laura Field, was necessary in order

SULLIVAN *v.* FIELD.

to pay the debt of plaintiffs and other debts. It also alleged the utter insolvency of the defendant, Mrs. Bobo, whose purchases from the plaintiffs the intestate J. B. Field had guaranteed in writing.

The defendant demurred upon the grounds stated in the opinion of the Chief Justice. The demurrer was overruled and defendants appealed.

*Messrs. L. M. Scott* and *Dillard & King,* for plaintiff.
*Mr. J. E. Boyd,* for defendant (appellant).

FAIRCLOTH, C. J.: The plaintiffs sue the defendant administrator of J. B. Field as guarantor for the amount due by the defendant, Sally E. Bobo, for goods sold and delivered to her in 1890–2. The guaranty was in these words: "In consideration of one dollar, to me in hand paid, the receipt whereof is hereby acknowledged, I hereby guarantee the payment in full for all goods sold and delivered by you to Mrs. S. E. Bobo, of Greensboro, N. C., on a credit of 60 days, consenting to any extension of time or any other arrangement for payment made at any time between you and her, at your option. This is to be considered a continuing guaranty and binding on the personal representatives of the parties hereto. Witness my hand and seal this 8th day of October, 1890. (Signed) J. B. Field."

The defendant demurs to the complaint as follows:

"1. In the argument, a misjoinder of parties, in that the principal debtor and the guarantor are made parties defendant."

A defendant may demur to the complaint when it appears that there is a defect of parties plaintiff and defendant. *Code,* Sec. 239 (4). Too many parties is surplusage only, cured by judgment for costs or disclaimer. A misjoinder of one who is a necessary party is fatal, for

he will not be bound by the judgment; this affects the merits; a misjoinder of one who is not a necessary party is surplusage. *Green* v. *Green*, 69 N. C., 294. In this case no judgment is asked for or rendered against Mrs. Bobo, so that her presence is harmless.

"2. That there is no sufficient allegation that the personal assets are not ample to satisfy the plaintiff's claim, without selling the property conveyed to defendant, or that the other assets have been exhausted."

On examination of the complaint we find it substantially alleged, three times, that the personal and other assets are insufficient to pay costs and plaintiffs' debt, and that a sale of the property conveyed to the defendant is necessary.

"3. That no notice or demand was given or made to the defendant guarantor, that the debt had not been paid by the principal debtor before this action was commenced."

As a general rule a party secondarily liable is entitled to notice of the default of the party primarily liable. An endorsee is held to strict punctuality in presenting the note for payment to the endorser, on failure of payment by the maker. It is the duty of the holder of a guaranty ordinarily to make a demand of the maker, but if he be insolvent it is unnecessary, and the failure to do so will not discharge the guarantor, for he must show that by the guarantee's negligence he has sustained a loss, and herein a guaranty differs from an endorsement. A guarantor's undertaking is that, if the money cannot by due diligence be collected out of the principal, he will pay it, but in case of insolvency of the principal an attempt to collect would do no good. *Ashford* v. *Robinson*, 8 Ired., 114; *Farror* v. *Respess*, 11 Ired., 170; *James* v. *Ashford*, 79 N. C., 172. It is alleged in the complaint and admitted "that defendant Sally E. Bobo, who made the debt to the

plaintiff firm as aforesaid, failed to pay the same at maturity or at any time since, and all the time was totally insolvent and unable to pay the same." We see no error in his Honor's judgment.

Affirmed.