NELL GLENN SCOTT v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 28 June, 1933.)

1. **Pleadings D c—Complaint will be liberally construed upon demurrer.**

    Upon a demurrer for failure of the complaint to state a cause of action the pleading will be liberally construed in favor of plaintiff, and the demurrer will be overruled if the complaint in any portion or to any extent presents facts sufficient to constitute a cause of action.

2. **Insurance P a—Complaint alleging liability in general terms of policy and specific facts not inconsistent therewith held not demurrable.**

    Where the complaint in an action on a policy of insurance alleges liability in the general terms of the policy, and later alleges specific facts upon which recovery is sought, the general allegations will not be limited by the specific allegations if the specific allegations are not inconsistent therewith, and plaintiff being entitled to recover if the general allegations are supported by evidence at the trial, a demurrer to the complaint for failure to state a cause of action should be overruled.

APPEAL by plaintiff from *Stack, J.,* at February Term, 1933, of GUILFORD. Reversed.

This is an action to recover of the defendant the sum of $2,000, by reason of the provisions of riders attached to and forming a part of two policies of insurance issued by the defendant insuring the life of Robert B. Scott. The plaintiff is the beneficiary named in each of said policies. Both policies were issued on 26 April, 1921, and were in full

force at the date of the death of the insured, to wit: 2 May, 1931. The defendant has paid to the plaintiff the face amount of each policy, to wit: $1,000.

The rider attached to and forming a part of each policy is in words as follows:

"If the death of the insured occurs before the first anniversary date of this policy which follows the age of seventy years, and before a payment under the permanent disability provision, if any, has been made or benefit thereunder allowed, all premiums previously due having been paid, and such death result directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means within ninety days from the occurrence of such accident and if such accident is evidenced by a visible contusion or wound on the exterior of the body (except in case of drowning and internal injuries revealed by an autopsy), and if such death does not result from suicide, while sane or insane, nor from military or naval service in time of war, nor from an aeronautic flight or submarine descent, nor directly or indirectly from disease in any form, then the company will pay a sum equal to the sum herein described as the sum insured in addition thereto."

This action was begun on 19 November, 1931. The complaint contains allegations as follows:

"4. That the said Robert B. Scott died on the said 2 May, 1931; that thereafter proofs of death were made out and furnished to the defendant by W. A. Scott, father of the insured, without the knowledge on the part of the plaintiff that said policies contained any double indemnity provisions; that thereafter the plaintiff furnished defendant further proofs tending to show that the death of said insured was caused solely through external, violent and accidental means within the provisions of the riders on said policies; that thereafter the defendant paid to the plaintiff the face amount of each of the said policies, to wit: $1,000, each, and that same was paid by defendant and accepted by plaintiff without prejudice to any claim or cause of action she might have on account of said double indemnity provision.

5. That the death of said Robert B. Scott resulted directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means within ninety days from the occurrence of such accident; that the said accident was evidenced by visible contusion or wound, and did not result directly or indirectly from any of the causes or exceptions mentioned in said rider.

6. That the death of said insured was caused and resulted in substantially the following manner: the insured on 25 April, 1931, had a tooth extracted by a duly and regularly licensed and practicing dentist

in the city of Greensboro, which extraction left a visible contusion or wound on the body of the deceased; that either at the time of the extraction of said tooth or soon thereafter streptococci germs, a violent and deadly class of bacterial germs, were accidentally introduced, or found a port of entry, from the exterior of insured's body in and to the insured's blood stream; that about two days thereafter defendant's throat and neck and the glands thereof, became badly swollen so that it was necessary for insured to go to a hospital and undergo an operation upon his throat, that as a result either of said operation or of said infection, the insured died on 2 May, 1931.

7. That immediately prior to the extraction of said tooth the insured was a strong, well and able-bodied man, and was suffering from no disease or complaint whatsoever, except that the tooth that was to be extracted was aching; that within less than a week after said tooth was extracted, the insured was dead; that his said death was caused solely, directly, immediately and independent of all other causes by the said accidental infection, from the outside, and by means of said violent infection, which poisoned his entire system, and necessitated said operation, and his said death was due solely and immediately, and independent of all other causes to said infection, and/or the operation thereby necessitated.

8. That by reason of the matters and things aforesaid, the defendant is indebted to the plaintiff in the sum of $2,000, with interest thereon from 5 August, 1931, until paid at the rate of six per centum per annum; that demand therefor has been made by the plaintiff upon the defendant, but no part of same has been paid, and the whole remains justly due and owing and is subject to no counterclaim, credit or set off whatsoever."

The defendant filed an answer to the complaint, in which it denied all the material allegations therein. However, when the action was called for trial, the defendant, notwithstanding its answer, demurred *ore tenus* to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. This demurrer was sustained, and the plaintiff excepted.

From judgment dismissing the action, the plaintiff appealed to the Supreme Court.

*Hines & Boren for plaintiff.*
*Sapp & Sapp for defendant.*

CONNOR, J. In *Hoke v. Glenn,* 167 N. C., 594, 83 S. E., 807, it is said: "It is the purpose of the Code system of pleading, which prevails with us, to have actions tried upon their merits, and to that end pleadings are construed liberally, every intendment is adopted in behalf

of the pleader, and a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient."

This principle has been uniformly applied by this Court, which does not look with favor upon a demurrer to a complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action in which the plaintiff is not entitled to relief. It is rarely the case that a complaint is so defective in its allegations that a demurrer on that ground, can be or should be sustained. *McNeill v. Thomas,* 203 N. C., 219, 165 S. E., 712, *Staley v. Park,* 202 N. C., 155, 162 S. E., 202, *Joyner v. Woodard,* 201 N. C., 315, 160 S. E., 288, *Smith-wick v. Pine Co.,* 199 N. C., 431, 154 S. E., 917, *Smith v. Suitt,* 199 N. C., 5, 153 S. E., 602, *Bechtel v. Bohannon,* 198 N. C., 730, 153 S. E., 316, *Cole v. Wagner,* 197 N. C., 692, 150 S. E., 339, *Meyer v. Fenner,* 196 N. C., 476, 146 S. E., 82, *Seawell v. Cole,* 194 N. C., 546, 140 S. E., 85, *S. v. Trust Co.,* 192 N. C., 246, 134 S. E., 656, *Hartsfield v. Bryan,* 177 N. C., 166, 98 S. E., 379.

Applying this principle to the facts alleged in the complaint in the instant case, we are of opinion that there is error in the judgment sustaining the demurrer and dismissing the action. For that reason the judgment must be reversed, to the end that the action may be tried on the issues raised by the answer to the complaint appearing in the record.

The facts with respect to the cause of the death of the insured as alleged generally in the complaint are sufficient to state a cause of action on the rider attached to and forming a part of each of the policies of insurance issued by the defendant, in which the plaintiff is named as beneficiary. It is alleged in paragraph 5 of the complaint that the death of the insured resulted directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means, within ninety days from the occurrence of such accident, and that said accident was evidenced by visible contusion or wound, and did not result directly or indirectly from any other causes or exceptions mentioned in the rider. On these facts the defendant, by the express language of the rider attached to and forming a part of each policy is liable to the plaintiff for the sum of $1,000, in addition to the face amount of said policy. These general allegations

are sufficient to constitute a cause of action and if they are sustained by the evidence at the trial, the plaintiff will be entitled to judgment as prayed for in her complaint.

Doubtless in anticipation of a motion by the defendant that her general allegations be made specific, the plaintiff alleges in paragraph 6 of her complaint that the death of the insured resulted from an accidental infection of his blood stream, following the extraction of a tooth by a dentist, or from an operation made necessary by such infection. These specific allegations are not inconsistent with or contradictory of the general allegations of paragraph 5 of the complaint, and are therefore not determinative of the question presented by defendant's demurrer.

In *Horton v. Travellers Ins. Co.* (Cal.), 187 Pac., 1070, which was an action upon a policy of insurance containing a provision similar to that contained in the rider on which this action was brought, it is said:

"As against a general demurrer, a complaint is sufficient when adopting the language of the policy, it avers in general terms that the insured met his death from bodily injuries effected directly through external, violent and accidental means, and that his death was occasioned by such means alone, without averring the particular facts and circumstances attending the death or injury, as plaintiff has done in this case. *Richards v. Travellers Ins. Co.,* 89 Cal., 170, 26 Pac., 762, 23 Am. St. Rep., 455; 1 C. J., 489. It is, it is true, the general rule that specific averments must be given preference over general averments, inasmuch as the general allegations are deemed explained, limited and controlled by the specific allegations; but this is true only where there is an inconsistency between the general and specific averments. In the absence of any inconsistency, the general averments, if necessary, may be looked to, to complete the essentials of a cause of action. If, in the instant case, the general allegations alone be looked to, the complaint unquestionably alleges a cause of action, and we think the specific averments are entirely consistent with the general averments and with the statement of a cause of action."

We cannot anticipate what the evidence at the trial of this action on the issues raised by the answer to the complaint will be. For this reason, we shall not at this time undertake to review or to discuss the cases from other jurisdictions cited in the briefs filed in this appeal. We are of opinion that the general allegations of the complaint are sufficient to state a cause of action and that the specific allegations are not inconsistent with or contradictory of the general allegations. For this reason the judgment dismissing the action must be

Reversed.