J. R. WILSON AND GENERAL MOTORS ACCEPTANCE CORPORATION v. HORTON MOTOR LINES, INC.

(Filed 31 October, 1934.)

1. **Pleadings D b—Demurrer for misjoinder of parties and causes held properly overruled in this case.**

   Action was brought by the holder of a lien upon a truck to recover for loss of his security and by the owner of the truck to recover damage to the truck, and to recover loss of profits to the owner by reason of his forced abandonment of a contract to deliver merchandise, it being alleged that all items of damage were the result of damage to the truck by the negligent act of defendant's agent: *Held*, both plaintiffs had an interest in the subject-matter of the action, and in obtaining the relief demanded, C. S., 455, and their respective causes of actions arose out of the same transaction or transactions connected with the same subject of action, C. S., 507 (1), and defendant's demurrer for misjoinder of parties and causes of action was properly overruled.

2. **Parties A a—**

   It is not necessary that the interest of parties plaintiff should be identical, but only that each have an interest in the subject-matter of the action and in obtaining the relief demanded. C. S., 455.

3. **Pleadings A a—**

   It is not necessary that the causes of action of several plaintiffs be identical, but only that the causes of action arise out of the same transaction or transactions connected with the same subject of action. C. S., 507 (1).

4. **Pleadings D a—**

   A complaint will be liberally construed in favor of the pleader upon a demurrer for failure to state a cause of action.

5. **Negligence D a—**

   A complaint alleging that plaintiff was forced to abandon a contract for the delivery of merchandise because of defendant's negligent damage to plaintiff's truck, and demanding the recovery of the loss of profits from such contract *is held* not demurrable for failure to state a cause of action.

6. **Pleadings D a—**

   A demurrer on the grounds that the complaint fails to state a cause of action must specify wherein the complaint is deficient, or the demurrer is defective and cannot be sustained.

APPEAL by defendant from *Moore, Special Judge,* at August Term, 1934, of SAMPSON. Affirmed.

The individual plaintiff and the corporate plaintiff filed a joint complaint, wherein it is alleged that the agent and servant of the defendant corporation, by negligently parking a large truck on a State Highway, in the nighttime and without lights, caused the agent of the individual plaintiff to drive his truck into the defendant's truck, so negligently parked, with resultant damage to the truck of the individual plaintiff, as well as to the trailer attached thereto, and with further resultant damage to the plaintiff in the loss of profits from a contract for delivering cotton, which the plaintiff was compelled to abandon by reason of the loss of his truck; it is further alleged in the joint complaint that the corporate plaintiff held a lien by way of a conditional sales contract on said truck of its coplaintiff.

The defendant interposed a demurrer to the complaint upon the ground of misjoinder of parties and of causes of action; and to that portion of the complaint relating to damage sustained by the individual plaintiff by reason of the loss of contract for delivery of cotton upon the ground that the complaint does not state facts sufficient to constitute such cause of action. The court overruled the demurrer, and the defendant appealed to the Supreme Court.

*Dye & Clark for appellant.*
*J. Abner Barker for appellee J. R. Wilson.*
*J. D. Johnson, Jr., and F. H. Kennedy for appellee General Motors Acceptance Corporation.*

SCHENCK, J. "All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, either jointly, severally, or in the alternative. . . ." C. S., 455. The individual plaintiff had "an interest in the subject of the action" for that he owned the truck and the trailer alleged to have been damaged; and the corporate plaintiff had "an interest in the subject of the action" by reason of its lien upon said damaged truck.

"The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of the same transaction, or transaction connected with the same subject of action." C. S., 507 (1).

The cause of action of the individual plaintiff for damage to his truck, as well as the cause of action of the corporate plaintiff for the loss of his security by reason of the damage to said truck, both arose out of the same transaction or transaction connected with the same subject of action, namely, the damage to the same truck proximately caused by the same negligent act of the same agent of the defendant. Clearly both

parties plaintiff had an interest in the subject of this action and in obtaining the relief demanded. Neither of these statutes requires, by word or by implication, that the causes of action of the parties plaintiff shall be identical. The first only requires that the respective parties plaintiff have "an interest in the subject of the action and in obtaining the relief demanded"; and the second only requires that the several causes of action shall "arise out of the same transaction, or transaction connected with the same subject of action."

". . . . The fact that the interests of plaintiffs are legally severable, or not common or identical, is no bar to their joinder where they have a common interest in the subject of the action and the relief sought." 47 C. J., 59.

We conclude that his Honor properly overruled the demurrer to the complaint.

We are also of the opinion that the demurrer to that portion of the complaint relating to damages sustained by the individual plaintiff by reason of loss of his contract for the delivery of cotton upon the ground that it did not state facts sufficient to constitute such cause of action was properly overruled. In the first place, the complaint, when construed, as we are required to construe it liberally in behalf of the plaintiff, presents facts sufficient to constitute a cause of action, *Scott v. Ins. Co.*, 205 N. C., 38; and, in the second place, the ground of the demurrer is defective and cannot be sustained for that it does not specify wherein the complaint fails to state facts sufficient to constitute the cause of action, *Elam v. Barnes,* 110 N. C., 73; *Griffin v. Bank,* 205 N. C., 253.

Judgment overruling the demurrer is

Affirmed.