RALPH C. WILLIAMS, by His Next Friend, ELI WILLIAMS, v. ALDRIDGE MOTORS, INC., and WACHOVIA BANK & TRUST COMPANY.

(Filed 18 March, 1953.)

**1. Intoxicating Liquor § 8—**

In a proceeding for forfeiture of a vehicle because used in the illegal transportation of intoxicating liquor, the owner may intervene and obtain possession by showing that the vehicle was used in transporting liquor without his knowledge and consent, and a lienholder may intervene and have the proceeds of sale applied to the satisfaction of the lien by showing that the lien was created without the lienor having any notice that the vehicle was being used for the illegal transportation of liquor.  G.S. 18-6.

**2. Same: Infants § 7—Findings held insufficient to support judgment on lienors' counterclaims for independent tort of infant in using car in liquor traffic.**

An infant purchased a car and executed a conditional sale contract for the deferred balance due on the purchase price. Later, the car was seized and sold because of the infant's use of the car in the illegal transportation of intoxicating liquor. In the infant's suit to rescind the contract of purchase, lienors pleaded counterclaim for the infant's independent tort in using the car to transport liquor, resulting in its seizure and forfeiture, and in failing to notify lienors of the seizure so that they could protect their rights under G.S. 18-6, lienors alleging that they were without notice from other sources. *Held:* Findings by the court that the car had been seized for cause and that lienee failed to notify lienors of the seizure is insufficient to support a judgment on the counterclaim in the absence of further findings that lienors were without knowledge or notice of the forfeiture from any other source and that by reason thereof failed to intervene, and a further finding that lienors were without knowledge or notice that the automobile was being used for the illegal transportation of liquor, together with a finding as to the amount of loss sustained by lienors by reason thereof.

**3. Appeal and Error § 6c (2)—**

Where the findings are insufficient to support the judgment entered, an exception to the judgment must be sustained, the judgment reversed, and the cause remanded for further proceedings.

**4. Pleadings § 17c—**

A demurrer to a pleading for its failure to state a cause of action must specify wherein the pleading is deficient.

DEVIN, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Pless, J.,* 28 June, 1952, Civil Term of GUILFORD (Greensboro Division).

Civil action by plaintiff to disaffirm contract made during minority and to recover consideration paid by him. The defendants set up counterclaims for damages based on alleged independent tort of the plaintiff.

Upon the call of the case for trial, the parties by written stipulation waived trial by jury and agreed that the presiding judge should hear the case, find the facts, and render judgment.

The findings of fact and conclusions of law, separately stated, are set out in the judgment. They are summarized as follows:

On 22 September, 1949, the plaintiff, Ralph C. Williams, being then about 20 years of age, purchased a 1947 Hudson sedan from the defendant Aldridge Motors, Inc., at the price of $1,771.64. The plaintiff paid $300.00 in cash and traded in a 1940 Hudson sedan at an agreed trade-in value of $545.00, making a total down-payment of $845.00. To evidence the deferred balance of $926.64, the plaintiff executed a note in that amount payable in 18 monthly installments of $51.48 each, and to secure

the note the plaintiff executed a conditional sale contract on the automobile. Immediately thereafter, the note and conditional sale contract were sold by the defendant, Aldridge Motors, Inc., to the defendant, Wachovia Bank & Trust Company. Neither of the defendants knew that the plaintiff was not of age, and he represented he was of age, at the time of the sale. The plaintiff paid the first six installments due upon the note to the defendant Wachovia Bank & Trust Company, totaling $308.88. The note was in default with $617.76 due thereon when this action was instituted.

On or about 7 April, 1950, the plaintiff was arrested and charged with the illegal transportation of intoxicating liquor in the Hudson automobile. When brought to trial (in State court), he entered a plea of guilty to the charges, and thereupon the Hudson automobile, having been seized at the time of the arrest by the officers, was ordered confiscated and sold, pursuant to State law, and it was thereafter so sold. The plaintiff did not notify either defendant of the arrest, seizure, order of confiscation, or sale of the automobile until weeks after the sale, when he was attempting to disaffirm the contract of purchase.

On or about 10 July, 1950, the plaintiff, being still a minor, gave notice for the first time to each of the defendants of his election to disaffirm the contract, and demanded of the defendants return of the consideration paid. Upon refusal of the defendants to return the consideration, the plaintiff brought this action.

Each of the defendants entered a general denial and "set up a cross-action, counterclaim and off-set, alleging that the infant plaintiff by his tortious conduct, which was independent of the making of the contract sought to be disaffirmed, had damaged the defendants to the extent of the value of the Hudson automobile he purchased at the time it was seized, confiscated and ordered sold, . . .

"The illegal transportation of intoxicating liquor in said automobile by the infant plaintiff, for which he was arrested and by reason of which the automobile was ordered confiscated and sold under the law of North Carolina, was likewise a violation of the terms of the conditional sale contract executed by infant plaintiff, and his failure to report the seizure of same was a violation of an express covenant contained in said conditional sale contract.

"UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW AS FOLLOWS:

". . . In this case, the act of the infant plaintiff in illegally transporting intoxicating liquor in the automobile was a crime against the State, by reason of which all property rights of the infant plaintiff in the automobile were lost and destroyed. By reason of the failure of infant plaintiff to report his arrest and the seizure, confiscation and order of sale to

the defendants, their rights were likewise lost and destroyed. These acts on the part of the infant plaintiff were tortious as to both defendants, and not in any way connected with the making of the contract, for which the infant plaintiff is liable to the extent of the damage resulting to both defendants. The failure on the part of the infant plaintiff to notify the defendants while connected with the contract sought to be disaffirmed, to the extent that it was a breach of a covenant to give notice to the defendants, was also an independent tort, because his failure to notify the defendants was an independent wrongful act by which infant plaintiff caused the defendants to lose their statutory rights, as innocent lienholders, which resulted in the loss of their property rights in the automobile. . . . The rights of the defendants are protected under this statute (G.S. 18-6) and were lost solely because of the wrongful act of infant plaintiff. . . .

"The Court further concludes as a matter of law that the plaintiff is entitled in this action to disaffirm his contract and to recover of the defendant, Aldridge Motors, Inc., the sum of $845.00 and of the defendant, Wachovia Bank & Trust Company, the sum of $308.88, but that these defendants are entitled, by way of off-set, to a joint judgment against the plaintiff upon their counterclaims and cross-actions for the sum of $932.50, the same being the agreed value of the property at the time the defendants' property rights therein were destroyed by the illegal and wrongful conduct of the infant plaintiff, to be prorated between the defendants as agreed to by them."

Judgment was entered in accordance with the foregoing conclusions of law, and to so much of the judgment as allows the counterclaims of the defendants, the plaintiff excepted and appealed to this Court.

*Elton Edwards for plaintiff, appellant.*
*G. C. Hampton, Jr., for defendants, appellees.*

JOHNSON, J. Chapter 1, Section 6, Public Laws of 1923, as amended, now codified as G.S. 18-6, prescribes the procedure under which vehicles used in transporting liquor in violation of law may be seized and confiscated under State law.

Under the provisions of this statute the owner of a seized vehicle may intervene in the forfeiture proceeding and obtain possession of the vehicle by showing that it "was used in transporting liquor without his knowledge and consent." Similarly, the holder of a lien on a seized vehicle may intervene and, by showing that the lien was "created without the lienor having any notice that the carrying vehicle was being used for illegal transportation of liquor," require that the proceeds derived from the sale of the vehicle be applied toward the satisfaction of the lien.

In the case at hand the gravamen of the defendants' counterclaims is that the conduct of the plaintiff in putting the automobile to use in the liquor traffic under circumstances leading to seizure and forfeiture under G.S. 18-6, followed by failure on his part to notify defendants of the seizure—they being without notice from other sources—resulted in failure of the defendants to intervene seasonably in the forfeiture proceeding and protect their rights, and was a willful, criminal, tortious course of conduct as against the defendants, arising subsequent to and independent of the execution of the conditional sale contract, entitling the defendants to recover damages against the plaintiff to the extent of their losses.

Conceding as we may that such conduct on the part of a conditional sale vendee may be made the basis of an independent tort action, 27 Am. Jur., Infants, Sections 92 and 94; 43 C.J.S., Infants, Sec. 89; *Vermont Acceptance Corp. v. Wiltshire,* 103 Vt. 219, 153 Atl. 199, 73 A.L.R. 792; *Collins v. Norfleet-Baggs,* 197 N.C. 659, 150 S.E. 177; Annotation: 127 A.L.R. 1441, p. 1449 (the facts in *Morris Plan Co. v. Palmer,* 185 N.C. 109, 116 S.E. 261, relied on by plaintiff, being distinguishable), even so, recovery may not be sustained where the crucial facts found by the court merely show, as in the instant case, (1) a seizure for cause by the State, and (2) failure of the lienee to notify the lienor of the seizure.

In order to prevail in such circumstances, it must be made to appear substantially (1) that the lienor was without knowledge or notice of the forfeiture proceeding from any source and by reason thereof failed to intervene within the time allowed therefor; (2) that the lienor was without knowledge or notice that the automobile was being used for the illegal transportation of liquor, so that, if he had intervened, he would have been entitled as a *bona fide* lienor to the proceeds of sale for application on his lien debt; and (3) the extent of the resultant loss sustained by the lienor.

In the instant case the findings of fact are silent respecting these vital factors. In gist, the findings are: That the plaintiff entered a plea of guilty to the charge of transporting intoxicating liquor; that the automobile was seized and ordered sold, and was thereafter sold; that the plaintiff did not notify either defendant of the arrest or seizure until weeks after the sale. It is manifest that the findings do not support the judgment. And this is so even if we glean from the conclusions of law such of them as might be termed findings of fact.

Therefore the plaintiff's exception to the judgment, which challenges the sufficiency of the findings of fact to support the judgment (*Medical College v. Maynard,* 236 N.C. 506, 73 S.E. 2d 315; *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421; *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179), must be sustained. It is so ordered. This works a reversal of the judgment as to the counterclaims, and necessitates a remand of the cause for further hearing and proceedings in respect to the issues raised by the

counterclaims. See *Benbow v. Robbins,* 72 N.C. 422; *Trust Co. v. Transit Lines,* 200 N.C. 415, 157 S.E. 62; 31 Am. Jur., Jury, Sec. 48; Annotation: 106 A.L.R. 203; *Erwin Mills v. Textile Workers Union,* 235 N.C. 107, 68 S.E. 2d 813.

In this Court the plaintiff demurred *ore tenus* to each counterclaim for failure to state a cause of action. We are of the opinion and so hold that the demurrers should be overruled. The counterclaims, when construed with that degree of liberality required, present facts sufficient to constitute causes of action. *Scott v. Insurance Co.,* 205 N.C. 38, 169 S.E. 801, and cases cited. Besides, the demurrers are defective in form for failure to specify wherein each counterclaim fails to state facts sufficient to constitute a cause of action. *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750, and cases cited.

The cause will be remanded for further proceedings in accord with this opinion.

Reversed and remanded.

DEVIN, C. J., took no part in the consideration or decision of this case.