J. A. PERRY AND EULA D. PERRY v. ALBERT DOUB, TRUSTEE, L. A. DOUB, TRUSTEE, AND CARY N. ROBERTSON.

(Filed 23 September, 1953.)

**1. Pleadings § 2—**

Causes of action for breach of agreement to lend stipulated sums of money, based upon allegations that sums less than those agreed upon were made available to plaintiffs, with allegations seeking special damages resulting from such breach, and a cause of action for forfeiture of interest for alleged usury, are all *ex contractu* relating to one agreement and may be properly joined. G.S. 1-123 (2).

**2. Parties § 4—**

A party holding funds in dispute as trustee until claimants should reach an agreement or the controversy legally determined is a proper party to the action to determine the legal rights in the funds.

**3. Pleadings § 19b—**

There must be a misjoinder of both parties and causes of action in order to work a dismissal upon demurrer, and a joinder of an unnecessary party defendant alone is insufficient ground for dismissal.

**4. Pleadings § 19c—**

Where the complaint is sufficient to state a cause of action, it may not be overthrown upon demurrer on the ground that additional facts alleged as the basis for recovery of punitive or special damages were insufficient for this purpose, since a complaint which sufficiently states a cause of action in any respect or to any extent may not be overthrown by general demurrer, and further, demurrer is not the proper mode of testing the extent of recovery or determining the rule for the measurement of damages, nor may a demurrer *ore tenus* to the cause of action for special damages be sustained.

**5. Pleadings § 17a—**

Where matter constituting an estoppel is shown on the face of a pleading, ordinarily the question of estoppel may be raised by demurrer, but even in such instance the demurrer must point out specifically the matter constituting the estoppel, and where only a general demurrer is interposed and the question of estoppel is not ruled upon in the lower court, the Supreme Court on appeal will not rule thereon.

**6. Appeal and Error § 37—**

The function of the Supreme Court is to review alleged errors and rulings of the trial court and not to chart the course of trial in the lower court in advance of its rulings.

APPEAL by plaintiffs from *Harris, J.,* at February Civil Term, 1953, of WAKE.

Civil action arising out of contracts, heard below on demurrer to the complaint.

In the Spring of 1951, the plaintiffs, a farmer and his wife, were indebted to several persons and firms and were in need of capital with which to conduct farming operations that year. On 16 April, 1951, they executed to the defendant Robertson their note in the amount of $22,000, secured by deed of trust to the defendant L. A. Doub, Trustee. Following this, and on 23 April, 1951, the plaintiffs executed to Robertson a second note in the amount of $3,000, secured by a second deed of trust to Doub, Trustee. The first note was intended to consolidate all the plaintiffs' debts in one note, with any surplus proceeds to be used in the plaintiffs' farming operations. The second note was intended to provide the plaintiffs additional moneys to purchase necessary farm supplies and finance current farming operations.

The plaintiffs allege that the defendant Robertson paid over to them, or for their use and benefit, only $16,449.77 out of the $22,000 note, and only $2,182.57 out of the $3,000 note, notwithstanding repeated demands were made for the full amount of each note before the due dates thereof.

On 11 December, 1951, the plaintiffs met with Robertson for the purpose of paying off the notes and having the deeds of trust canceled. A dispute arose over the amounts due when Robertson claimed the full face

amount of each note. Thereupon the plaintiffs, desiring to have the two deeds of trust canceled, that day made a payment to Robertson and also placed in the hands of Albert (L. A.) Doub, Trustee, a stipulated sum under a trust agreement executed by J. A. Perry, Doub, Trustee, and Robertson, the pertinent parts of which are as follows: ". . .; whereas the said J. A. Perry and wife, Eula D. Perry, are paying on said indebtedness as of this date the sum of $17,415.41 to C. N. Robertson; and whereas there is a dispute as to the balance owed and that there is a balance on hand of $7,677.18, which the said J. A. Perry and C. N. Robertson have agreed to deposit with Albert Doub, as trustee to be held by him as trustee until a settlement can be reached between said J. A. Perry and C. N. Robertson, which both parties have agreed shall be done on or before the 1st day of January, 1952. If said agreement has not been reached by that date the party aggrieved shall commence an action by the 1st day of February, 1952, to legally determine the correct amount, failure to institute action as provided shall authorize the said trustee to pay said amount in his hands to C. N. Robertson on his stated account and any balance to J. A. Perry. It is agreed that said stated account shall be filed with said trustee on or before the 1st day of January, 1952, and that copy of same will be furnished the said J. A. Perry."

No agreement was reached, and the plaintiffs instituted this action within the time limited in the trust agreement.

The plaintiffs in their complaint declare on five separate causes of action: In the first and second causes, they allege that the defendant Robertson in paying over to or for the benefit of the plaintiffs on the notes of $22,000 and $3,000 only the respective sums of $16,449.77 and $2,182.57, and in refusing to pay over the balance of the face amount of each note thereby breached the contract in respect to each loan, thus entitling the plaintiffs to recover as against the defendant Robertson, and out of the trust fund in the hands of Doub, Trustee, the amounts so withheld. In the third and fourth causes of action, the plaintiffs allege that the defendant Robertson made usurious interest charges against them in connection with each of the two loan transactions, by reason of which Robertson should be required to forfeit all interest on the loans pursuant to the provisions of G.S. 24-2. In the fifth cause of action, the plaintiffs seek to recover damages, both actual and punitive, for crop failures and farm losses, alleged to have resulted from plaintiffs' inability to finance farming operations on account of the refusal of Robertson to pay them the full amounts due under the loan contracts.

The defendant Robertson demurred to the complaint on the grounds of misjoinder of causes of action and also misjoinder of parties and causes.

The trial judge concluded that there was a misjoinder of causes of action and also a misjoinder of parties and causes, and entered judgment

sustaining the demurrer as to the last three causes of action, but over-ruling it as to the first two and leaving the case pending as to these.

The plaintiffs excepted and appealed; and in this Court the defendant Robertson demurred *ore tenus* to the plaintiffs' fifth cause of action for failure to state a cause of action.

*Samuel Pretlow Winborne and Vaughan S. Winborne for plaintiffs, appellants.*

*Mordecai & Mills for defendant, appellee.*

JOHNSON, J.  G.S. 1-123 provides in part: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of— . . . 2. Contract, express or implied."

Here all five causes of action declared on in the complaint arise out of contract.  The first two are for the recovery, by way of recoupment as against the defendant Robertson, for moneys alleged to have been wrong-fully withheld by him under the loan contracts of $22,000 and $3,000. 47 Am. Jur., Set-off and Counterclaim, Sections 2 and 9.  The third and fourth causes are to have the interest stricken from the loans as the penalty for charging usury.  G.S. 24-2.  An action for such relief from usury is deemed an action on contract.  *Finance Co. v. Holder,* 235 N.C. 96, 68 S.E. 2d 794.  In the fifth cause of action the plaintiffs seek special damages for breach of express contracts to lend money.

It necessarily follows that there is no misjoinder of causes of action.

Nor does the joinder of Doub, Trustee, work a misjoinder of parties. The terms of the trust agreement and the deposit of settlement funds with Doub, Trustee, make him a proper party to the action.  Besides, the joinder of an unnecessary party defendant is mere surplusage.  *Moore County v. Burns,* 224 N.C. 700, 32 S.E. 2d 225; *Sullivan v. Field,* 118 N.C. 358, 24 S.E. 735.  It is the misjoinder of both parties and causes that works a dismissal of an action (*Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481); and where both occur, severance is not permissible. *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2.

The demurrer as interposed does not present for review the question whether the plaintiffs are entitled to recover punitive damages.  If good in any respect or to any extent, a plea will not be overthrown by general demurrer.  *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *Griffin v. Baker,* 192 N.C. 297, 134 S.E. 651.  Besides, the rule is that ordinarily a general demurrer is not the proper mode of testing the extent of recovery to be had or of determining the rule that shall govern for the measurement of damages.  41 Am. Jur., Pleading, Sec. 219; 15 Am. Jur., Damages, Sec. 310.

Nor does this record present for review the question whether the plaintiffs are estopped by the terms of the trust agreement from prosecuting claim for any sum other than the $7,677.18 referred to in the trust agreement. Conceding that where matter constituting an estoppel is shown on the face of the opponent's pleading, ordinarily the question of estoppel may be raised by demurrer, even so, the demurrer must be special, rather than general, and point out specifically the matter constituting the estoppel. *Williams v. Aldridge Motors,* 237 N.C. 352, 75 S.E. 2d 237; *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750; *Oldham v. McPheeters,* 201 N.C. 35, 158 S.E. 702; 19 Am. Jur., Estoppel, Sec. 182, p. 839; Annotation 120 A.L.R. 8, p. 84. Here the demurrer is silent on the question of estoppel, and it does not appear to have been ruled upon in the court below. Hence we refrain from doing so. The function of this Court is to review alleged errors and rulings of the trial court and not to chart the course of the lower court in advance of its rulings. *Grandy v. Walker,* 234 N.C. 734, 68 S.E. 2d 807; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488.

The defendant's demurrer *ore tenus* to the fifth cause of action for failure to state facts sufficient to constitute a cause of action is without merit. In point of fact and in legal contemplation the fifth cause is but an amplification of the first two causes of action by the addition of averments of special damages. In the first two causes only the loan moneys allegedly withheld are sought to be recovered by way of recoupment as against Robertson, whereas in the fifth cause of action the allegations are extended to cover special damages based on crop failure and farm losses resulting from Robertson's failure and refusal to pay the plaintiffs the full amounts due under the loan contracts, the pertinent allegations of the fifth cause of action being in substance (1) that the purpose of the loan contracts of $22,000 and $3,000 was in part "to provide capital for the plaintiffs' farming operations for that farm year"; (2) that the defendant Robertson wrongfully withheld from the plaintiffs $6,367.66; and (3) that on account of the defendant's refusal to pay over these moneys the plaintiffs were unable to cultivate, harvest, and house their five acres of tobacco, and that as a result they suffered financial loss in a stated amount. *Scott v. Ins. Co.,* 205 N.C. 38, 169 S.E. 801; *Wilson v. Motor Lines, supra.* See also *Williams v. Aldridge Motors, supra.*

We are not concerned with whether the plaintiffs may be able to make out their case, nor with the extent of their right of recovery. These are matters to be determined when the plaintiffs have produced their proofs. See *Brewington v. Loughran,* 183 N.C. 558, 112 S.E. 257; *Perry v. Kime,* 169 N.C. 540, 86 S.E. 337; *Herring v. Armwood,* 130 N.C. 177, 41 S.E. 96; *Spencer v. Hamilton,* 113 N.C. 49, 18 S.E. 167. Upon the record as presented we conclude that they are entitled to be heard on the merits of their case.

The demurrer *ore tenus* is overruled and the judgment below is
Reversed.