## Hoffman v. Snack

*Richard S. Crone* and *Crone & Cohen*, for plaintiff.

*Robert S. Grigsby, Pringle, Bredin & Thomson*, and *Rhodes & Grigsby*, for defendant.

*Samuel M. Rosenzweig* and *Aaron Rosenzweig*, for *petitioner*.

BROWN, J., December 30, 1964.—This matter comes before the court on the petition of Capital Credit Corporation to intervene as party plaintiff in the case above, brought in trespass by Charles R. Hoffman, Jr., against Harry Snack.

The undisputed facts relevant to the court for its consideration of this petition are briefly stated as follows:

On July 4, 1963, Charles R. Hoffman, Jr., plaintiff-respondent herein, was involved in an automobile accident with defendant, Harry Snack. Respondent's automobile, a 1959 Chevrolet convertible, was totally demolished as a result of the accident. Said 1959 Chevrolet convertible had been financed less than four months before, and petitioner herein is the assignee of that financing agreement. After learning of the accident, petitioner realized that through oversight no insurance, such as would normally protect the corporation against casualty losses, had been placed by them as called for in the security agreement.

On March 30, 1964, respondent filed suit in trespass against defendant at the above number and term for both personal injuries and property damage sustained by the July 4, 1963, accident. As respondent has defaulted in his monthly payments to petitioner and is apparently execution proof, petitioner seeks to intervene in the trespass suit as a party plaintiff which would, upon recovery of a judgment against defendant, permit petitioner to share in a sum up to the total amount owed by respondent to it.

Petitioner contends that these circumstances present a situation where intervention is sanctioned by Pennsylvania Rule of Civil Procedure 2327, secs. (3) and (4). We do not agree that Pa. R. C. P. 2327, which specifies who may intervene, allows intervention in a trespass action by a general creditor, and it is the opinion of this court that petitioner's rights against any sum recovered as a result of this action are those of a general creditor.

Section (3) of rule 2327 provides that a person not a party to an original action may intervene if "such person could have joined as an original party in the action or could have been joined therein". Certainly, petitioner does not fall within this category of permissible intervenors. It does not hold title to the demolished

vehicle; nor have any facts transpired that suggest petitioner has a right of subrogation against plaintiff's claim. The only distinction between petitioner and any other general creditor of plaintiff is that petitioner happens to have a security interest in the automobile greatly depreciated from the accident, yet still in respondent's possession. While we agree that section 9-306 (2) of the Uniform Commercial Code of April 6, 1953, P. L. 3, provides for the continuation of a security interest in the proceeds derived from an unauthorized "sale, exchange, or other disposition of the property", we do not feel that this section can be extended to include instances where the property has not been transferred but has simply become depreciated through no fault of the debtor. Absent a sale, exchange or other disposition, there can be no proceeds such as this section contemplates. Petitioner's security remains solely in the depreciated automobile still in respondent's possession.

Section 4 of rule 2327 allows intervention when "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action". Under this section, petitioner claims it is entitled to intervention because the outcome of the suit may affect the value of the legally enforceable lien interest. However, as just stated, the Uniform Commercial Code, sec. 9-306 (2), cannot be extended to provide petitioner a lien interest in the proceeds derived from a trespass case brought for compensation for damages sustained to property yet held by debtor.

Section 4 of rule 2327 is similarly inapplicable as support for this petition, as petitioner has no legally enforceable interest which can be affected by respondent's action in trespass. Petitioner's legally enforceable interest is against respondent personally or through repossession of the property. So far as funds

which may be derived from the trespass case are concerned, petitioner can be no more than a general creditor, just as are doctors, hospital, druggist, etc., who become creditors as a result of the accident between the parties in which respondent was injured.

None of the cases cited by petitioner are on point for the proposition that a general creditor may intervene in a trespass case in order to share in any proceeds derived therefrom, with the possible exception of Wilson v. Horton Motor Lines, 207 N. C. 263, 176 S. E. 750 (1934). As this case comes from another jurisdiction and does not state in full the rule of civil procedure relied upon for intervention, we feel it is of little value in the present proceeding. The usual rule is that a general creditor cannot intervene in a suit alien to the circumstances surrounding the debt relationship: Bank of America v. McCauley, 23 D. & C. 2d 362, 412. Certainly, this is true when the original suit is in trespass and the intervenor's claim stems from a contract. Intervention by petitioner in the instant case would create a "multifariousness of parties and causes of action". This principle was well stated in Tonkonogy v. Levin, 106 Pa. Superior Ct. 448, 453:

"To hold that appellants had the right to intervene would be equivalent to saying that any creditor of a plaintiff in a suit for money might intervene. It is stating the matter mildly to say that this would lead to confusion, *complicate the case and produce a 'multifariousness of parties and causes of action'*. Not only was the action of the lower court the exercise of a sound judicial discretion, but to have granted the petition would have been an abuse of judicial discretion." (Italics supplied.)

In Reese Appeal, 175 Pa. Superior Ct. 270, 274, the court in applying Pa. R. C. P. 2329(3) to deny a petition for intervention, and citing Tonkonogy v. Levin, supra, said that ". . . intervention is improper where

it will retard the principal suit, delay the trial, require reopening of the case for further evidence, change the original party's position, or complicate the case and produce a multifariousness of parties and causes of action."

Rule 2329(3) allows a court to refuse a petition for intervention where "the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties". The fact that petitioner waited seven months to file this petition, after plaintiff-respondent had completed the pleadings and had placed the matter at issue, would seem to justify the invocation of rule 2329(3). Respondent would be forced to postpone the trial on the trespass issue until the probable defense of petitioner's failure to promptly advise respondent of its inability to obtain replacement insurance could be fully pleaded and answered. Thus, two issues would be put before the jury, with the spectre of insurance ever present in a basically trespass suit brought to determine defendant's individual liability. This court would not be amiss in refusing this petition on these grounds alone by operation of rule 2329(3).

Accordingly, as petitioner is not a permissible intervenor under rule 2327, secs. (3) and (4), and has raised issues which justify invocation of rule 2329(3), the petition must be dismissed.

## ORDER OF COURT

And now, December 30, 1964, after oral argument, submission of briefs and careful consideration thereof, the prayer of the petition of Capital Credit Corporation to intervene as party plaintiff in the above-entitled case is refused, and the petition to intervene is dismissed.

Eo die, exception noted to petitioner and bill sealed.