NEW SOUTH INSURANCE COMPANY v. CARMEN L. VELEZ

No. 7421DC306

(Filed 5 June 1974)

1. **Insurance § 75— rights of insured against coinsured — subrogation of collision insurer**

   A collision insurer is subrogated to any rights its insured might have against a coinsured where the coinsured has settled with the tort-feasor, applied the funds to his own use and released the tort-feasor.

2. **Insurance § 75— recovery by car owner against tort-feasor — equitable lien of mortgagor — subrogation of collision insurer**

   Where plaintiff insurer issued a collision policy to defendant and to her coinsured, a mortgagee holding a security interest in defend-

ant's car, defendant was paid an amount by a tort-feasor's insurer for damage to the car, defendant failed to have the car repaired and defaulted on her payments to the mortgagee, the car was repossessed by the mortgagee, and plaintiff insurer was required to pay the mortgagee a sum to cover damage to the car, the mortgagee has an equitable lien in the amount obtained by defendant from the tort-feasor for damage to the car and plaintiff insurer is subrogated to the rights the mortgagee has against defendant.

Judge VAUGHN dissenting.

APPEAL by plaintiff from *Clifford, District Judge,* at the 5 November 1973 Session of FORSYTH County, General Court of Justice, District Court Division.

Heard in the Court of Appeals 7 May 1974.

This is a civil action to recover money paid to defendant by an insurer of a third party tort-feasor who was at fault in an automobile accident with defendant. The plaintiff issued a collision insurance policy to defendant and her coinsured, Wachovia Bank and Trust Company, N.A., which held a security interest in defendant's car. Defendant was paid by the tort-feasor's insurer, Shelby Mutual Insurance Company, the sum of $671.76 for damage to the car, and defendant then released the tort-feasor. Defendant never had the car repaired and defaulted on her payments to Wachovia, which subsequently repossessed the car. Plaintiff was required to pay to the insured, Wachovia, under the collision policy the sum of $566.13 to cover the damage to the car and then brought this action to recover that amount from defendant which had been paid to her by the Shelby Mutual Insurance Company. This action was based on the grounds of subrogation to the rights of Wachovia. At the close of plaintiff's evidence, defendant's motion for a directed verdict was granted. Plaintiff appealed.

*Womble, Carlyle, Sandridge & Rice by William F. Womble, Jr., for plaintiff appellant.*

*White and Crumpler by Michael J. Lewis and Melvin F. Wright, Jr., for defendant appellee.*

CAMPBELL, Judge.

[1] Under North Carolina case law an insurer who pays damages to the insured is subrogated to whatever rights the insured may have against the tort-feasor. 4 Strong, North Carolina Index 2d, Insurance, § 75, p. 553 (1968). Furthermore, an in-

surer's right to subrogation under a collision insurance policy includes a claim against any judgment secured by the insured against the tort-feasor for the amount paid by the insurer in satisfaction of the collision claim. Couch On Insurance 2d, § 61:237 (Supp. 1973). Finally, paragraph 11 of the insurance policy, issued by plaintiff to defendant and Wachovia, entitled "Subrogation," reads:

> "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

We hold that the insurer is also subrogated to any rights its insured might have against a coinsured, where the coinsured has settled with the tort-feasor, applied the funds to his own use, and released the tort-feasor, in effect destroying any rights the first insured might have against the tort-feasor. This is particularly true where the insurer then has to pay a claim presented by the first insured.

[2] The issue then becomes, what are the rights as between the coinsureds? What are the rights of the security interest holder in the proceeds obtained from the tort-feasor by the mortgagor in settlement for damages to the collateral? The security agreement expressly included, as part of the total price, a provision for collision insurance. It is clear that the parties to the security agreement intended that the security interest of the mortgagee (Wachovia) would continue in any insurance proceeds obtained by the mortgagor as recompense for damage to the collateral. It is also clear that the mortgagee would have an equitable lien upon the proceeds of any insurance obtained for the better security of the mortgagee to the extent of his interest in the property destroyed. Couch On Insurance 2d, § 29:82, p. 366 (1960). It follows then that the mortgagee would also have an equitable lien in any judgment or settlement obtained by the mortgagor against a tort-feasor for damage to the collateral. We hold that the insurer, New South Insurance Company, is subrogated to any rights Wachovia may have had against its coinsured, Carmen L. Velez. *Cf. Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750 (1934) ; *Robinson v. Breuninger,* 152 Kan. 644, 107 P. 2d 688 (1940) ; Couch On Insur-

ance 2d, § 29:89, p. 372 (1960). We, therefore, hold that it was error for the trial court to grant defendant's motion for directed verdict, and we reverse and remand for further proceedings in accordance with this decision.

Reversed and remanded.

Judge MORRIS concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

Defendant executed a note and purchase money security agreement which has apparently been assigned to Wachovia. Wachovia, the secured party, has a security interest in the Fiat as collateral for the debt. Plaintiff insured the collateral. On 4 October 1971, the collateral was damaged. Defendant immediately notified plaintiff of the loss and advised that she would make no claim against plaintiff, but would pursue her claim against the tort-feasor. Defendant, at her own expense, recovered damages for the loss from the tort-feasor and released it from liability. Nearly ten months later, on 1 August 1972, the collateral was voluntarily delivered to Wachovia for disposition or retention according to law. At the time defendant surrendered the collateral she acknowledged "default under the terms of said security agreement." This is the only evidence in the record before us to support the majority's statement that defendant "defaulted on her payments to Wachovia." Although only the first page of the security agreement is in the record, it is clear that a debtor may be in default in a number of ways other than a failure to pay an installment when due, for example, damage to the collateral so as to impair its value as security. In any event, there is nothing in this record to show that defendant was indebted to Wachovia after surrender of the collateral, albeit damaged, on 1 August 1972. Indeed, Wachovia may have been indebted to defendant for surplus money received from sale of the collateral, refund of the finance charges and unearned insurance premiums. Under these facts, plaintiff has shown no right to recover from defendant for the voluntary payment it made to Wachovia on 1 September 1972, with knowledge that its right of subrogation against the tort-feasor had been extinguished. I vote to affirm the judgment.