W. SMITHDEAL, surviving partner, &c., v. JAS. WILKERSON.

*Venue, or Place of Trial—Claim and Delivery—Distress.*

The words "*distrained for any cause,*" (sec. 190, (4) of *The Code*), in reference to the place of trial of actions for the recovery of personal property, do not apply to the seizure by the Sheriff in the provisional remedy by claim and delivery ; and the situation of the property in such actions, in which *claim and delivery* is resorted to, does not regulate the place of trial of the actions.

CIVIL ACTION, for the recovery of personal property, heard before *Clark, J.,* at November Term, 1887, of the Superior Court of ROWAN County.

The plaintiff alleges that he is the surviving partner of Smithdeal & Ritchie, and, as such, is the owner, and entitled to the immediate possession of the horse described in the complaint.

The plaintiff is a resident of Rowan County, and claims the horse by virtue of a chattel mortgage, executed by one Daniel to Smithdeal & Ritchie, and duly registered in Cabarrus County. The defendant is a resident of Stanly County, and the plaintiff alleges that the horse is wrongfully detained by him.

At the same time that the summons was issued to the County of Stanly, (November 3d, 1887), the plaintiff filed the necessary affidavit, &c., for Claim and Delivery, which was issued, and under which the horse was taken by the Sheriff of Stanly, but, the defendant giving the requisite undertaking, the horse was left in his possession.

At the return term, after complaint filed, and before answering, and before the time to file an answer expired, the defendant made a motion, in writing, for a change of *venue* from the County of Rowan to the County of Stanly, in which

the defendant resided, and in which the horse, the subject of the action, was, when the summons and order were issued.

"The Court (Clark, J.) being of opinion, upon a proper construction of § 190, subsec. 4, of *The Code*, that the plaintiff can bring his action in the County of Rowan, in which the plaintiff resides, the motion for change of *venue* was denied."

From this the defendant appealed.

*Mr. Theo. F. Klutz*, for the plaintiff.
*Mr. J. M. Brown* (by brief), for the defendant.

DAVIS, J., (after stating the facts). The defendant insists that the action should have been brought to the County of Stanly, in which the defendant resides, and where the horse, the subject of the action, is. He says it is governed by § 190, subsec. 4, of *The Code*, which provides, that actions "for the recovery of personal property, distrained for any cause," must be "tried in the county in which the subject of the action, or some part thereof, is situated," and that the place of trial should be changed, as provided in section 195, of *The Code*.

This depends upon the construction to be placed upon the words " *distrained for any cause.*"

It is said by Chief Justice TAYLOR, in *Kitchen* v. *Tyson*, 3 Murph., 314, "It is a rule, that when a statute makes use of a word, the meaning of which was well ascertained at common law, the word will be understood in the sense it was at common law." The same rule is laid down in *Adams* v. *Turrentine*, 8 Ired., 150.

The word " distrained," used in *The Code*, must, of necessity, constitute an exception to this general rule. The old action of " Distress," which Blackstone says was of " great use and consequence," was limited to the *distraining* cattle or goods for " non-payment of rent, or other duties, or *distrain-*

*ing* another's cattle, *damage feasant.*" This old remedy, as was·said by Judge RODMAN in *Harrison* v. *Ricks,* 71 N. C., 7, quoting *Dalgleish* v. *Grandy,* Conf. R., 22, " was long ago held to have been abolished in this State." The word " distraint" or " distrained," cannot have the old technical common law meaning, in the legal vocabulary of the present day; with all its " use and consequence" to the landlord of old, and all the ancient learning incident to it, we now have no practical concern. But conceding, as the appellant insists, that its common law meaning no longer attaches, we are unable to see, if it has any meaning, how it can help the defendant; for the property in question was not " distrained" for any cause; and, to adopt the construction insisted upon by him, these words must be treated as superfluous and unnecessary, which is not permissible, if any consistent meaning can be given to them. If the view of the defendant be correct, the Legislature would have simply said, "for the recovery of personal property," without the added words, which limited, and were intended to limit it, to property " distrained," that is, " seized," " taken and lawfully held," not wrongfully, but by some recognized legal right. We think this is made clear by the oath required of a plaintiff before he can obtain an order for the delivery of personal property. He is, among other things, required to make oath, that the property " has not been taken for tax, assessment, or fine, pursuant to a statute, or *seized* under an execution or attachment against the property of the plaintiff," &c.

There is another view, fatal to the appellant's contention. Claim and delivery is not a substantive *action,* but is only provisional and ancillary to the action for the recovery of personal property, where the plaintiff seeks to get possession of the property, pending the action, and in this respect it is not unlike the old action of Replevin, which would not lie against an officer who had seized property under legal pro-

cess, or " against persons holding the same in custody of the law."

The plaintiff is not obliged, when he brings an action for the recovery of personal property, to make the affidavit and give the undertaking required for Claim and Delivery. The latter is only ancillary, and if he does not give such undertaking, the judgment, if he recover, as in the old action of Detinue, is for the possession of the property, or for its value, and damages for its detention. *Jarman* v. *Ward*, 67 N. C., 32.

It may be that great inconvenience and difficulty may sometimes arise, in the enforcement of the ancillary remedy of Claim and Delivery, when the plaintiff resides in a county at a great distance from that in which the defendant, from whose possession the property is taken, resides ; but this cannot affect the clear meaning of the statute, which allows actions for the recovery of personal property (unless " distrained for any cause") to " be tried in the county in which the plaintiffs, or the defendants, or any of them, shall reside at the commencement of the action."

Before the present system, (Revised Code, Chap. 31, § 37, and Chap. 98,) a plaintiff residing in the county of Cherokee might bring his action of Replevin to the *Superior* Court of that county, against a defendant, wrongfully in possession of his property, residing in the County of Currituck. We think the law is plain, and the difficulties or inconvenience that may result, are not for our consideration.

There is no error.                                   Affirmed.