W. P. TENNANT v. THE PEOPLES BANK, Receiver of The Bank of Maxton, MAXTON CONSOLIDATED GRADED SCHOOL, W. O. BENNETT et al., Trustees of said Graded School District.

(Filed 28 October, 1925.)

**1. Appeal and Error—New Trial.**

Where there is error found on appeal as to one of the appealing defendants so interrelated as to affect the other's legal rights, a new trial will be ordered as to both.

**2. Pleadings — Demurrer — Banks and Banking — Receivers — Unpaid Cashier's Check.**

Where a bank gives a cashier's check in exchange for a check of its depositor, and afterwards becomes insolvent and is in the hands of a receiver, and the cashier's check has not been paid, the receiver must return the original check upon return of the cashier's check for which it was given, and upon demurrer to the complaint: *Held,* the issues upon conflicting evidence were for the jury to determine.

Varser, J., not sitting.

Appeal by defendants from *Grady, J.,* at May Term, 1925, of Robeson. Reversed.

From judgment on the pleadings, upon motion of attorneys for plaintiff, in favor of plaintiff and against defendants, defendants appealed.

---

TENNANT *v.* BANK.

*McIntyre, Lawrence & Proctor for plaintiff.*
*McKinnon & Fuller for Peoples Bank, receiver.*
*McLean & Stacy for Maxton Graded School District.*

CONNOR, J. In their brief filed in this Court, attorneys for plaintiff, appellee, say: "After an examination of the authorities, candor and frankness compel us to admit that in our opinion the court was in error in rendering judgment against the school board upon the pleadings, and we therefore concede that as to the school board the case should be sent back for a new trial to the end that the facts may be developed and the controverted facts found by a jury."

Plaintiff contends, however, that the judgment as rendered against the Peoples Bank, receiver, is correct and should be affirmed. If there is error in the judgment against the school board, entitling it to a new trial, it must follow that a new trial must be had as to the Peoples Bank, receiver, also. The right of plaintiff to the relief prayed for in this action, and decreed as against the Peoples Bank, receiver, is dependent upon the cause of action set up by plaintiff against the school board. If the check of the school board to plaintiff, on account, was paid by the Bank of Maxton, the drawee, by its cashier's check on Murchison National Bank of Wilmington, plaintiff is not entitled to the relief prayed for against the Peoples Bank, receiver. If, however, this check was not paid, by reason of the facts alleged, by the cashier's check on Murchison National Bank, plaintiff, upon return by him of the cashier's check, is entitled to the return by the Peoples Bank, receiver, to him of the check of the school board.

We concur with the frank and candid admission of plaintiff's attorneys. The judgment upon the pleadings must be reversed to the end that appropriate issues raised by the pleadings may be submitted to a jury.

Upon the call of this case for argument in this Court, defendants demurred *ore tenus,* on the ground that no cause of action is alleged in the complaint. The demurrer is overruled.

If the allegations in the complaint are sustained by the evidence, and the jury shall find that the check for $3,500, given to plaintiff by the school board, was not paid upon presentation to the Bank of Maxton, drawee, the plaintiff will be entitled to recover upon a verdict upon appropriate issues in favor of plaintiff. *Bank v. Barrow,* 189 N. C., 303, and *Graham v. Warehouse,* 189 N. C., 533, are not controlling as authorities against plaintiff's right to recover. The judgment must be

Reversed.

VARSER, J., not sitting.