STATE OF NORTH CAROLINA ON THE RELATIONSHIP OF NORTH CAROLINA CORPORATION COMMISSION v. HARNETT COUNTY TRUST COMPANY, A CORPORATION.

(Filed 6 October, 1926.)

**1. Pleadings—Demurrer.**

Under our Code system, a pleading will not be overthrown by demurrer if liberally construed in favor of the pleader a cause of action is therein stated, however inartificially it may have been drawn, or redundantly stated.

**2. Same—Admissions.**

By demurring to the sufficiency of a complaint to state a cause of action, the defendant admits every allegation of a material fact properly pleaded.

**3. Same—Banks and Banking—Corporations—Officers—Mismanagement.**

In an action by the receiver of a bank to enforce individual liability against the directors and officers thereof for its negligent mismanagement, allegations in effect that defendant and others were active in its control and operation as officers and directors in the invalid transactions constituting the mismanagement, etc., is a sufficient charge of having committed the unlawful act to overthrow his demurrer.

**4. Banks and Banking—Corporations — Officers — Directors — Trusts—Negligence—Damages.**

Directors and general managers of a bank are held to the responsibility of trustees in regard to their official duties, and are liable to its receiver for loss of the corporation assets caused and brought about by their neglect or failure to perform their duties in this respect.

CIVIL ACTION before *Sinclair, J.,* at February Term, 1926, of HARNETT.

The Harnett County Trust Company was a banking corporation and was closed by order of the Corporation Commission on 26 April, 1923. Marshall T. Spears and C. S. Hicks were appointed permanent receivers, and under and by virtue of an order made by Judge Daniels at the November Term, 1923, of the Harnett Superior Court, said receivers were directed to institute a civil action against the directors and officers of the bank to enforce an alleged liability of said officers and directors for negligent management of the bank. Thereafter, in pursuance of said order, the receivers and A. R. Suggs, a depositor and stockholder of the bank, brought a suit against the defendant, J. R. Baggett, and other officers and directors of the bank, and filed a complaint. The defendant, J. R. Baggett, demurred to the complaint for that "said complaint or pleading does not set forth facts sufficient to constitute a cause of action against said J. R. Baggett in that said pleading does not at any time allege that said J. R. Baggett was an officer of said Harnett County Trust Company with authority in any way to affect the action of said trust company in any way or to represent same in any of the transactions complained of."

The demurrer was sustained and from the judgment sustaining said demurrer there was an appeal.

*Seawell & McPherson and Hoyle & Hoyle for appellant.*

BROGDEN, J.　Does the complaint state a cause of action against the defendant?

It is an accepted rule of law and one established by the overwhelming weight of authority that "it is the purpose of The Code system of pleading, which prevails with us, to have actions tried upon their merits, and to that end pleadings are construed liberally, every intendment is adopted in behalf of the pleader, and a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." *Hoke v. Glenn,* 167 N. C., 594; *Brewer v. Wynne,* 154 N. C., 472.

It is also universally held in this jurisdiction that a defendant by demurring admits as true every material fact alleged in the complaint properly pleaded. *Trust Co. v. Wilson,* 182 N. C., 166.

It was alleged in the complaint that the defendant was the solicitor of the bank at the time it was closed by the Corporation Commission. There is no allegation as to what authority he had as solicitor or what duties were imposed by said relationship, but there is further allegation as follows: "That the said B. P. Gentry, O. L. Johnson, W. L. Sutton, R. L. Steele, J. M. Shaw, B. A. Parker, J. O. Sutton and J. R. Baggett, were at said date and at the times hereinafter set out the *active officers,* loan and finance committee of said trust company, *controlling and operating said bank and dominating the affairs thereof.*"

It was further alleged, among other things that "said officers having from time to time used the funds and property of the said Harnett County Trust Company in negligently and wrongfully making financial transactions with other banks and individuals under such circumstances as amounted to bad faith and misfeasance and malfeasance of their duty which they owed to the Harnett County Trust Company, its creditors, depositors and stockholders."

It is further alleged that "the aforesaid B. P. Gentry, W. L. Sutton, J. M. Shaw, O. L. Johnson, H. L. Steele, J. R. Baggett, J. O. Sutton and B. A. Parker, while acting as officers and directors, and the loan

and finance committee of the Harnett County Trust Company, participated in and had knowledge of the aforesaid wrongful, unlawful and negligent conduct of the business affairs of the aforesaid Harnett County Trust Co."

The demurrer therefore admits:

1. That the defendant was one of the active officers controlling and operating said bank and dominating the affairs thereof.

2. That said officers participated in making financial transactions with other banks and individuals under circumstances amounting to bad faith.

3. That the defendants were acting as officers and directors in the invalid transactions complained of.

Directors and managing officers of a corporation are deemed by the law to be trustees, or *quasi* trustees, in respect to the performance of their official duties incident to corporate management and are therefore liable for either wilful or negligent failure to perform their official duties. Therefore, if there is a loss of the corporation's assets, caused and brought about by the negligent failure of its officers to perform their duties, the corporation, or its receiver, in case of insolvency, can maintain an action therefor. *McIver v. Hardware Co.,* 144 N. C., 478; *Whitlock v. Alexander,* 160 N. C., 465; *Besseliew v. Brown,* 177 N. C., 65. However, the officers of a corporation are not, as a rule, responsible for mere errors of judgment, nor for slight omissions from which the loss complained of could not have reasonably resulted. *Fisher v. Fisher,* 170 N. C., 378; *Patton v. Farmer,* 87 N. C., 337.

Upon the whole record, we are of the opinion that the demurrer should have been overruled.

Reversed.