J. C. RICHERT, JR., ET AL., V. JAMES SUPPLY COMPANY.

(Filed 10 June, 1927.)

**1. Evidence—Appeal and Error—Instructions—Harmless Error.**

A wife sought to have her husband declared her trustee in taking title to certain lands, and restrain his judgment creditor from selling the lands under execution in which judgment by default of an answer was rendered against the husband, but the judgment creditor answered and raised issues upon the question: *Held,* not prejudicial error to the answering defendant for the judge to allow in evidence the default judgment rendered against the husband, and to instruct the jury that the default judgment was excluded as to the rights of the judgment creditor to have the execution to issue.

**2. Same—Judgments—Default—Pleadings.**

*Held,* under the facts of this case, that the default judgment entered by the clerk against the husband for the want of an answer could not bind the answering defendant or prejudice his rights.

**3. Appeal and Error—Evidence—Clerical Errors—Parol Trusts—Deeds and Conveyances—Harmless Error.**

Where the right of the judgment creditor to issue execution against the lands of the husband depends upon whether he owned the title or held it in trust for his wife, who had paid the purchase price, and the entire controversy depended thereon, an inadvertence in the issue submitted in reciting a deed of release instead of the deed in question, both containing the same description as to the lands, will not be considered as a fatal variance

between the pleadings and the proof, or calling for a judgment in defendant's favor when the jury has found that the lands were held in trust for the wife.

**4. Appeal and Error — Deeds and Conveyances — Clerical Mistakes — Descriptions—Harmless Error.**

In this case, *Held*, a clerical error made in the complaint as to the date of a certain deed, and also in the judgment by default rendered by the clerk against one defendant, is not reversible error as to the other.

**5. Evidence—Pleadings—Variance—Deeds and Conveyances—Appeal and Error.**

Where a parol trust is sought to be engrafted on the title to lands conveyed to the husband in favor of the wife, there is not a fatal variance between the allegation and the proof that there was a clerical error in the complaint in giving the date of the deed attached, and permitting this deed to be introduced in evidence where the description of the lands is identical in both deeds.

**6. Pleadings—Interpretation.**

Pleadings under our code system are liberally construed, so that actions may be had upon their merits.

APPEAL by defendant from *Harding, J.,* at August Term, 1926, of MACON.

J. C. Richert, Sr., was made a defendant with the James Supply Company. He and Gertrude Richert were husband and wife. On 24 May, 1911, Elizabeth Walden executed a deed for a lot in the village of Highlands, naming J. C. Richert as grantee. The deed was registered 17 July, 1911. At the Spring Term, 1925, of the Superior Court of Macon County the James Supply Company recovered a judgment against J. C. Richert, the grantee, for $2,574.53, with interest from 10 April, 1924, and issued a warrant of attachment against the lot described in the deed. On 7 April, 1925, Gertrude Richert brought suit against her husband, J. C. Richert, and the James Supply Company, alleging that she had paid the purchase money for the lot, and praying that her husband be declared a trustee for herself, and that the James Supply Company be enjoined from making a sale under its judgment and warrant of attachment. Both defendants were duly served by publication. J. C. Richert filed no answer, and the clerk rendered judgment against him by default final. He did not appeal. The James Supply Company filed an answer, and the case was transferred to the civil-issue docket, and was tried at the August Term, 1926, upon the following issue: "At the time of the sale of the land in controversy by Mrs. Elizabeth Walden, and the execution of the deed of 24 May, 1911, to J. C. Richert, was it in contemplation of the parties that the sale was to Mrs. Gertrude Richert and not to J. C. Richert?" The jury answered the issue "Yes." Pending the action, Mrs. Richert died, and her heirs

at law and administrator were made parties plaintiff. Upon return of the verdict, it was adjudged that J. C. Richert took title to the lot in trust for his wife, Gertrude Richert, mother of the present plaintiffs, J. C. Richert, Jr., and Margaret Richert, etc., that they be declared the owners, and that the sale under the judgment and warrant of attachment in behalf of the James Supply Company be enjoined. The supply company excepted and appealed.

*Horn & Patton and Bryson & Bryson for plaintiffs, appellees.*          •
*T. J. Johnston for the James Supply Company, appellant.*

ADAMS, J. The summons was served by publication on the defendants J. C. Richert and the James Supply Company, and no objection is made as to the sufficiency of the service. A verified complaint was filed at the time the summons was issued; an answer was filed by the James Supply Company, but not by its codefendant. The clerk gave judgment by default final against J. C. Richert, and transferred the case to the civil docket for trial of the issues raised by the answer of the James Supply Company. Neither defendant excepted to the judgment against Richert, or appealed therefrom; but after the trial in the Superior Court had begun, in fact, after the jury had been empaneled, the James Supply Company made a motion to strike out the judgment rendered by the clerk against J. C. Richert, and it now insists that the judgment was void. Its argument is based upon an alleged want of jurisdiction. It contends that the action was instituted to reform a deed on the ground of mistake, and to engraft a parol trust upon a conveyance of the fee, and that a suit involving these equitable elements is not within the purview of any statute authorizing the clerk to render judgment by default final. Laws 1921, Extra Session, ch. 92. It contends, also, that the answer of the supply company raised issues upon which the rights of both defendants depended, and that by operation of law the jury must determine these issues as between the plaintiffs and the defendant Richert. The appellant's conclusion is that the clerk's judgment is void, or, if only irregular, that the judgment is for this reason open to its attack. Quite a number of cases are cited which in our view of the controversy need not be minutely examined. The question of irregularity may be dismissed for this reason: When the plaintiffs introduced the clerk's judgment against Richert, the judge sustained the appellant's objection on the ground that the evidence was immaterial to the issue and "excluded the entire judgment." This ruling, in effect, declared the judgment void as to the defendant who objected. True, the court stated in the presence of the jury that judgment had been rendered against Richert, and this, the appellant contends, operated to its prejudice; but the posi-

tion, we apprehend, is based on sentiment rather than law, and in any event was made harmless by the instruction that as to the appellant the evidence was excluded, because it was immaterial.

We do not regard *Tennant v. Bank,* 190 N. C., 364, as authority for the position that the issue must have been answered by the jury as against the defendant Richert. If through indifference or collusion Richert saw fit to file no answer, the appellant was in no wise bound by his action or by the judgment against him; and herein lies the distinction between this case and Tennant's. Nor can we concur with the appellant in saying that there was a fatal variance in the pleadings and the proof—such discrepancy between the complaint and the issue submitted as necessarily invalidates the judgment. The deed from Elizabeth Walden to J. C. Richert for the lot in question was executed 24 May, 1911; the plaintiffs introduced another deed signed by Elizabeth Walden on 7 October, 1919, purporting to be the release of a mortgage executed by J. C. Richert on 25 May, 1911, to secure the payment of $2,200. The complaint refers to a deed from Mrs. Walden to Richert dated 8 October, 1919, and the clerk's judgment recites the execution of this deed through mistake. The issue submitted to the jury has reference to the deed of 24 May, 1911. The appellant contends that the clerk's judgment leaves the latter in full force and effect and purports to set aside the deed releasing the mortgage. To this there seems to be more than one answer. If the position be admitted, how can it avail the appellant? Upon the issue joined between it and the plaintiffs the jury found that the parties intended that the title to the lot should go to Mrs. Richert by the deed bearing date 24 May, 1911, and it was thereupon adjudged that J. C. Richert held the deed as trustee for his wife. The verdict and judgment preclude a sale of the lot as the property of J. C. Richert, and with this estoppel operating against it the appellant has no legal interest in a controversy between the plaintiffs and the alleged trustee as to the verbal accuracy of the clerk's judgment. We think, however, that there is intrinsic evidence of a clerical error as to the date of the deed both in the complaint and in the judgment of the clerk. In reference to the identity of the land described in the complaint, in the two deeds, and in the warrant of attachment there can be no doubt; it is admitted that in each instrument the description is the same. We are therefore of opinion that the first and second assignments of error must be disallowed.

The third and fourth assignments embrace an exception to the issue submitted and another to the court's refusal to submit the issues tendered by the appellant. It is insisted that there was error in permitting the plaintiffs to introduce in evidence for the purpose of attack the deed dated 24 May, 1911, because, as we understand, the complaint sets

out the deed dated 7 October, 1919, and not the deed of earlier date. It is said that there is no allegation in the pleadings in reference to the former deed, and that proof without allegation is as fatal as allegation without proof.

The complaint, it is obvious, proceeds upon the theory that when Mrs. Walden conveyed the lot it was the intention of the parties to vest the legal title in Mrs. Richert. It is alleged that the latter paid the whole of the purchase money; that a deed had been made to her and had been held in escrow pending her payments; that it had been lost and the execution of another had become necessary. The allegations were evidently intended to apply to the original conveyance and not to the release of the mortgage. The object of the prevailing system of pleading is to have actions tried upon their merits, and to this end pleadings are to be construed liberally and every intendment is to be adopted in behalf of the pleader, however inartificial the allegations may be, or however defective or redundant. *Brewer v. Wynne,* 154 N. C., 467; *Hoke v. Glenn,* 167 N. C., 594; *S. v. Trust Co.,* 192 N. C., 246. Considering the complaint in its entirety we conclude that the mere recital of the release instead of the deed first conveying the legal title is not fatal to the judgment or such error as calls for a new trial on behalf of the defendant; and for this reason the third and fourth assignments are overruled. It follows that the motion to dismiss the action as in case of nonsuit was properly denied. The remaining assignments are formal. We find

No error.